IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSE M., by and through her Parents, LAURA and RICHARD M., <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. <br> _____ | Civ. No. 09-00163 SPK-BMK <br><br> FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED |

FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION
DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN
<u>AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED</u>

Before the Court is Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for an Award of Attorneys' Fees and Costs. After careful consideration of the Motion, the supporting and opposing memoranda, and the attached documentation, the Court RECOMMENDS that Plaintiffs' Motion be GRANTED and that Plaintiffs be awarded $19,060.85 for attorneys' fees and costs.

This case arises out of the Office of Administrative Hearings' decision issued March 13, 2009. Plaintiffs filed their Motion pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I), which provides, "In any action or proceeding brought under

this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."

Defendant does not dispute that Plaintiffs were the prevailing party in the administrative proceeding. (Opp. at 3.) In addition, Defendant does not object to the hourly rates of $285.00 and $85.00 billed by Plaintiffs' attorney, Stanley Levin, and his paralegal, Bruce Ellis, respectively. (Id.) Defendant, however, objects to several of Levin's and Ellis's entries on the following grounds.

First, Defendant objects to a number of Ellis's entries on the ground that they are for clerical tasks. (Id. at 8-10.) While Defendant is correct that the Court may not award fees for the performance of clerical tasks, the entries disputed (e.g., drafting and editing Plaintiffs' exhibit and witness lists, subpoenas, and correspondence) are not clerical in nature.

Second, Defendant objects to billings by both Levin and Ellis for the performance of "identical tasks." (Id. at 10-11.) Defendant's objection is based on its contention that this Court prohibits billings by both attorneys and their support staff for appearances at the same proceeding. (Id. at 10 (citing Melodee H. v. Dep't of Educ., Civ. No. 07-00256 HG-LEK (D. Haw. Sept. 23, 2008) and Brandon E. v. Dep't of Educ., Civ. No. 07-00536 ACK-LEK (D. Haw.

Sept. 4, 2008).)  Defendant's contention is incorrect.  In Melodee H. and Brandon E., Magistrate Judge Leslie E. Kobayashi held that billings by both Levin and Ellis for their appearances at the same proceeding are compensable.  Melodee H., at 29; Brandon E., at 21.  Furthermore, the tasks to which Defendant objects were performed by Levin and Ellis for entirely different purposes.  (See Reply at 5-6.)  For example, Levin reviewed Defendant's exhibits to determine those to which Plaintiffs would object.  (Id. at 5.)  Ellis reviewed Defendant's exhibits to determine which of Plaintiffs' witnesses would be able to discuss those he found helpful to Plaintiffs' case.  (Id.)  Delegating tasks to support staff who bill at lower rates is sound and desirable.

Third, Defendant objects to Ellis's entries prior to August 18, 2008 on the ground that they are related to the individualized education program ("IEP") meetings.  (Opp. at 11-12.)  Pursuant to 20 U.S.C. § 1415(i)(3)(D)(ii), "[a]ttorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action."  However, in Brandon E., Judge Kobayashi held that "[t]o the extent the content of the IEP was the subject of the administrative proceeding," billing entries relating "to the content of the IEP, rather than the IEP team meeting itself" are compensable.  Brandon E., at 16 n.6 (emphasis added).  In this case, Ellis's entries

3

prior to August 18, 2008 "related to how [Defendant's] actions at the IEP meetings were reflected in the draft and final IEP." (Levin July 15, 2009 Decl. at ¶ 7.)  Thus, because Ellis's entries related to the content of the IEP, and not the IEP team meeting itself, such entries are compensable.

Fourth, Defendant objects to a number of Ellis's entries on the grounds that the descriptions provided are insufficient to determine the work performed.  (Opp. at 12-14.)  Specifically, Defendant argues that descriptions relating to Ellis's review of educational records are insufficient in that they do not specify which records were reviewed.  (Id. at 13.)  Defendant also argues that descriptions relating to Ellis's drafting and editing of questions for witnesses are insufficient insofar as they do not specify the witnesses for whom the questions were prepared.  (Id. at 5.)

Local Rule 54.3(d)2 provides, "The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  The Rule further provides, "If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly."  Id.  In this case, Plaintiffs' counsel could have described the services rendered with more specificity.  However, "[t]he ultimate question is whether there is sufficient

information to allow the Court to assess the reasonableness of the requested fee." Melodee H., at 14.  Given that the information in the descriptions is sufficient to allow the Court to evaluate the reasonableness of the requested fees, the Court declines to reduce Plaintiffs' fees on this ground.

Fifth, Defendant objects to entries relating to Levin's and Ellis' drafting and editing of Plaintiffs' closing brief, claiming that the time billed is excessive.  (Opp. at 14-16, 17.)   Defendant claims that the time billed is excessive because it is greater than the time Defendant billed for drafting its closing brief.  (Id. at 15-16.)  The party opposing the request for attorneys' fees bears the "burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted) (emphasis added).  In this case, a mere comparison of the hours billed by each party is insufficient to challenge the accuracy and the reasonableness of the hours charged.

Finally, Defendant objects to Levin's entry for time spent meeting with Ellis.  (Opp. at 16-17.)  Defendant contends that, pursuant to Melodee H. and Brandon E., attorneys may not bill for time spent meeting with their support staff.  (Id. at 17.)  Defendant's contention is again, incorrect.  In both cases,

Judge Kobayashi simply held that support staff may not bill for meetings with attorneys if the attorneys have also billed for such time.  Melodee H., at 30; Brandon E., at 22.  Here, Plaintiffs seek compensation for Levin's time only.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 28, 2009.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Rose M. v. Department of Education, State of Hawaii, Civ. No. 09-00163 SPK-BMK; FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION DETERMINING PLAINTIFFS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS BE GRANTED.